UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-943-FDW

| KEITH ANTONIO BARNETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| DAVID S. CAYER, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff has paid the full filing fee.

I.  **BACKGROUND**

The pro se Plaintiff filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395-97 (1971)[1] and the Federal Tort Claims Act ("FTCA"), in which he challenges the proceedings in criminal Case No. 3:18-cr-200-MOC-SCR-1.[2] The Plaintiff names as Defendants: Max O. Cogburn, Jr. and David S. Cayer, a U.S. District Judge and a U.S. Magistrate Judge, respectively, who presided over his criminal case.[3] He appears to argue that: there is no proof of his guilt; his lawyer, Randolph Marshall Lee,[4] failed to tell

---

[1] The Plaintiff cites 42 U.S.C. § 1983, which provides a cause of action for the deprivation of a plaintiff's rights by a person acting under color of state law. However, the allegations address his federal criminal proceeding. The Court therefore liberally construes the Complaint as raising claims under <u>Bivens</u>, the judicially-created counterpart to § 1983 that allows an action for money damages to be brought against individuals acting under the color of federal law.

[2] This case is largely duplicative of another *pro se* civil action filed by the Plaintiff in this Court, Case No. 3:24-cv-942-FDW. It is unclear, at this juncture, whether these cases should be permitted to proceed separately.

[3] The case was reassigned to Magistrate Judge Susan C. Rodriguez in May 2023.

[4] Mr. Lee was named as a defendant in Case No. 3:24-cv-942.

Plaintiff about any pretrial hearings; and the Plaintiff never had the opportunity to review any discovery including Brady material. He seeks $12 million. [Id. at 6].

## II.   STANDARD OF REVIEW

A prisoner's complaint seeking redress from the Government that is frivolous, malicious, or fails to state a claim may be dismissed sua sponte even if the Plaintiff has paid the full filing fee. 28 U.S.C. § 1915A. A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff

2

to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## III. DISCUSSION

### A. Bivens

Bivens allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens' core premise is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a Bivens action does not lie against either agencies or officials in their official capacity.") (citing Meyer, 510 U.S. at 484-86).

Here, the Plaintiff attempts to hold a U.S. District Judge and a U.S. Magistrate Judge liable with regards to a federal criminal proceeding. Judges are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and

3

corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). The Plaintiff has failed to name a defendant against whom his Bivens claims can proceed and they are, therefore, dismissed.[5]

**B.     Federal Tort Claims Act**

The FTCA affords a limited, conditional waiver of sovereign immunity by the United States government for the torts of Federal government employees committed within the scope of their employment. See 28 U.S.C. §§ 2671 et seq.; see also Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993). Even where the Government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. See 28 U.S.C. § 2679. The FTCA specifically excepts from its waiver of sovereign immunity intentional torts including false imprisonment, false arrest, malicious prosecution, and abuse of process. 28 U.S.C. § 2680(h). Moreover, the FTCA requires that, "before an action may be commenced in court, the claimant must 'present' his claim to the appropriate administrative agency for determination." Ahmed v. United States, 30 F.3d 514, 516 (4th Cir.1994); see also 28 U.S.C. § 2675.[2] A plaintiff's failure to file a proper administrative claim with the appropriate agency divests a federal court of subject matter jurisdiction. See Henderson v. United States, 785 F.2d 121, 123 (4th Cir.1986) (stating that "the requirement of filing an administrative claim is jurisdictional and may not be waived").

---

[5] The Plaintiff's Bivens claims suffer from a number of additional deficiencies that do not require separate discussion at this time. See generally Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

4

Here, the Plaintiff has not named the United States as a defendant. Nor does he indicate that he exhausted his administrative remedies. Regardless, the Defendants' judicial immunity extends to the United States and, as such, the Plaintiff's FTCA claims cannot proceed. See, e.g., Meyers v. United States, 7:23-cv-347, 2024 WL 1893607 (W.D. Va. April 30, 2024); Umphreyville v. U.S. Dist. Ct. W. Dist. Va., No. 4:12-cv-635-F, 2013 WL 2635210, at *2 (E.D.N.C. June 12, 2013) (collecting cases), *aff'd* 546 F.App'x 275 (4th Cir. 2013). The Plaintiff's FTCA claims are, therefore, dismissed.

### C. Abstention Principles

Even if the Plaintiff had stated a cognizable claim pursuant to the FTCA or Bivens, it appears that his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983[6] plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). It appears that success on the Plaintiff's present claims would

---

[6] Although Heck involved a § 1983 claim, the Fourth Circuit has applied Heck to cases brought under Bivens and the FTCA. Covey v. Assessor of Ohio Cnty., 777 F.3d 186, 196 n. 8 (4th Cir. 2015) (Bivens); Liounis v. United States, 2021 WL 6101842 (4th Cir. Dec. 22, 2021) (FTCA).

necessarily imply the invalidity of his conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that his conviction has been reversed or otherwise invalidated and his claims appear to be barred by Heck.

## IV. CONCLUSION

In sum, the Plaintiff's Complaint fails initial review pursuant to 28 U.S.C. § 1915A. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will be dismissed without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

2. The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to comply, this case will be closed without further notice.

3. The Clerk respectfully instructed to mail a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 23, 2025

Frank D. Whitney
Senior United States District Judge